# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>UNITEK, USA, LLC.,<br><br>　　　　　Defendant. | )<br>)<br>)　CIVIL ACTION NO.<br>)<br>)<br>)　**08 4592**<br>)<br>)　<u>COMPLAINT</u><br>)　<u>JURY TRIAL DEMAND</u><br>)<br>)<br>) |

## NATURE OF ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Frank Bruno who was aggrieved by these unlawful practices. As alleged with greater particularity in Paragraph 7 below, the Commission alleges that Defendant failed to hire Mr. Bruno for an available Director of Human Resources position because of his age, then 55. As a result of the discriminatory practices, Mr. Bruno suffered damages, including backpay, frontpay and liquidated damages.

## JURISDICTION AND VENUE

1.　　Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FSLA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2.　　The employment practices alleged to be unlawful were committed within the jurisdiction of the District Court for the Eastern District of Pennsylvania.



## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant, Unitek USA, LLC ("Defendant Unitek") has been a corporation doing business in the State of Pennsylvania and the City of Blue Bell, and has continuously had at least twenty (20) employees.

5. At all relevant times, Defendant Unitek has continuously been an employer engaged in am industry affecting commerce within the meaning of Sections 11(b) (g) and (h) of the ADEA, 29 U.S.C. § 630(b), (g) and (h).

## CONCILIATION

6. Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7. Since at least April 20, 2006, Defendant Unitek has engaged in unlawful employment practices at their facility in Blue Bell, Pennsylvania, in violation of § 4(a) of the ADEA, 29 U.S.C. § 623 (a) as follows:

(a) Frank Bruno was born on June 6, 1951. On April 5, 2006, Mr. Bruno applied for an

available Director of Human Resources position which was advertised by Defendant on Monster.com. The advertisement stated, in part, that the successful candidate must be a "go-getter", and be able to "multi-task" in a "very fast paced environment."

(b) The advertisement specifically stated the following qualifications for the Director of Human Resources position: "7 to 10+ years of relevant work experience, a Bachelor's Degree (a Master's in Business Administration/HR is a plus.") At the time of his application, Mr. Bruno had more than twenty-five (25) years of high level work experience in human resources, which included positions at the level of Vice-President, Director, and Corporate Director. He had an MBA in Industrial Relations and Organizational Behavior from Temple University and a Bachelor's Degree from Trenton State College. These qualifications, along with his related professional certifications and affiliations, were listed on Mr. Bruno's resume.

(c) On April 6, 2006, Mr. Bruno was interviewed by Defendant's then Chief Financial Officer, Greg Sudell (age 40). Mr. Bruno was thereafter contacted again by Defendant, and on April 14, 2006, Mr. Bruno had a second interview with Defendant's CEO and President, Scott Hisey (age 40). During that interview, salary was discussed, and Scott Hisey advised Mr. Bruno that upon his hire, he would try to get Mr. Bruno phantom stock in the company. Scott Hisey concluded by telling Mr. Bruno that he would be scheduled for a final interview with Joseph Kestenbaum (age 51), Defendant's majority investor.

(d) On April 18, 2006, Mr. Bruno was interviewed by Defendant's Vice-President of Business Administration, Mike Hisey, (age 43), and brother of Scott Hisey. At the end of the interview, M. Hisey advised Mr. Bruno that he was "the best person for the job" and that he would so advise his brother, Scott.

(e) On April 20, 2006, Mr. Bruno interviewed by Joseph Kestenbaum.

(f) During the interview with Kestenbaum, Kestenbaum asked Mr. Bruno, "how old are you, like 78?" When Mr. Bruno did not answer, Kestenbaum asked, "well, how old are you?" Mr. Bruno responded, "No, I'm 55." Thereafter, the interview ended. Mr. Bruno never received any further communication from Defendant regarding his non-selection for the position.

(g) Defendant hired Elizabeth Downey, age 36, for the Director of Human Resources position. At the time of her hire, Ms. Downey had eleven (11) years of human resources experience, with three (3) of these years at the Manager level, and two (2) years at the Vice-President level. Ms. Downey's MBA is from the University of Phoenix, an on-line degree program, in Global Management.

8. The effect of the practices complained of in Paragraph 7 above has been to deprive Frank Bruno of equal employment opportunities and otherwise adversely affect his status as an employee because of his age.

9. The unlawful employment practices complained of in Paragraph 7 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining the Defendant, their officers, successors, assigns and all persons in active concert or participation with them, from engaging in employment practices based on age, and any other employment practice which discriminates against individuals 40 years of age and older.

B.  Order the Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of their past and present unlawful employment practices.

C.  Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, and an equal sum as liquidated damages, frontpay and prejudgment interest to Mr. Bruno, as a result of the acts complained of above.

D.  Grant such further relief as the Court deems necessary and proper in the public interest.

E.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, NW
Washington DC 20507

*/s/ Jacqueline H. McNair*
JACQUELINE H. McNAIR
Regional Attorney

*/s/ Judith A. O'Boyle*
JUDITH A. O'BOYLE
Supervisory Trial Attorney

*/s/ Iris Santiago-Flores*
IRIS SANTIAGO-FLORES
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia PA 19107
Telephone: (215) 440-2828