IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| EEOC | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| UNITEK, USA, LLC. | : | NO. 08-4592 |

**MEMORANDUM AND ORDER**

**L. Felipe Restrepo**                                                    **April 19th, 2010**
**United States Magistrate Judge**

      AND NOW, this 16th day of April, 2010, having considered the parties' Memoranda of Law Regarding the Calculation of Back Pay (Docket Nos. 64 and 65), the Court determines that the accrual of back pay damages, if any, in this case will be considered tolled as of the start of Mr. Bruno's employment with Standard Press Steel Technologies ("SPS").

      Model Jury Instruction 8.4.2 states that "[b]ack pay damages, if any, apply from the time [plaintiff] was [[not hired]] until the date of [] verdict" and that "whatever wages [plaintiff] has obtained from other employment during this period" must be deducted from back pay. Model Civ. Jury Instr. 8.4.2 ; see also Maxfield v. Sinclair International, 766 F.2d 788, 794, n.5 (3d Cir. 1985) (noting that "courts have held that the ADEA does require mitigation of damages and have consistently deducted interim earnings from backpay awards"). While the ADEA seeks to make a discriminated-against party whole for losses sustained as a result of the adverse employment action, see Starceski v. Westinghouse Elec. Corp., 54 F.3d 1089, 1100 (3d Cir. 1995), a prevailing plaintiff is generally not entitled to recover more than the make-whole damages. Id. At the same time, however, the ADEA "was enacted . . . to further the dual goals of

1

compensating discrimination victims and deterring employers from practicing discrimination." Long v. Sears Roebuck & Co., 105 F.3d 1529, 1541 (3d Cir. 1997).

In this case, Mr. Frank Bruno, approximately three months after having not been hired allegedly due to age-related discriminatory reasons by Defendant company Unitek, procured employment elsewhere at a salary higher than it would have been at Unitek. The issue before the Court is whether, in light of his subsequent higher earnings, Mr. Bruno is eligible for back pay. The parties' positions, detailed further below, center around whether Mr. Bruno's back pay, if any, should be measured from the date of harm through verdict, consistent with the plain language of the Model Civil Jury Instructions, or from the date of harm through his acceptance of a higher-paying position, consistent with judicial interpretation of ADEA back pay damages in other courts.

Defendant argues that because Mr. Frank Bruno received a higher-paying job after not having been hired by Defendant, he arguably earned more money between the date of his alleged adverse employment action and the date of judgment. Def. Mem. at 6-8. Defendant then argues that because Mr. Bruno allegedly earned more money over the aggregate time period, under the back pay calculation description of the Third Circuit Model Jury Civil Instruction 8.4.2 he cannot be eligible for back pay and instead should be eligible only for nominal damages, if any. Id. at 2-6.

In its submission, Plaintiff EEOC counsels the Court that the Model Instruction "does not fit the circumstances of this case, and, therefore, th[e] Court should reject the cookie-cutter approach suggested by Defendant." Pl. Mem. at 4, n.3. Instead, Plaintiff argues that Mr. Bruno's acceptance of a higher-paying job tolls the accrual of back pay, such that should he sustain his

2

burden of proof as to the alleged discrimination, he is eligible only for back pay for the period between his alleged adverse employment action through the commencement of his higher-paying job. Id. at 4-6.

The Court found limited authority in this Circuit on the issue of back pay damage calculation where an ADEA plaintiff secures higher-paying employment after the alleged discriminatory action but prior to judgment. In Sinclair v. Insurance Co. of North America, the District Court determined that a plaintiff terminated for age-related discriminatory reasons who immediately secures new employment and receives severance pay is not entitled to back pay when the total amount of the new salary and the severance payment exceeds what that plaintiff would have earned at the prior job. 609 F. Supp. 397, 400-02 (E.D. Pa. 1984). Similarly, the Third Circuit in Blum v. Witco Chem. Corp. determined that plaintiffs who were compensated by severance payments during their period of unemployment and who then got higher-paying jobs were not entitled to an award of back pay for their termination for allegedly age-related discriminatory reasons. 829 F.2d 367, 374 (3d Cir. 1987). Finally, the District Court in Anderson v. Consolidated Rail Corp. also noted that a plaintiff would not be entitled to back pay where that plaintiff received severance and interim wages that exceed the amount she would have made had she not been terminated. 2000 WL 1622863, at *2 (E.D. Pa. Oct. 25, 2000).

As detailed above, all of the cases found by the Court involve plaintiffs who were terminated for age-related discriminatory reasons, received severance, and then found new employment. Here, plaintiff did not find other employment until August 2006, and unlike the plaintiffs in the cases discussed above, he was not receiving severance between the date of his alleged age-related discriminatory action and the commencement of his new employment. In

3

light of the goal of the ADEA to deter employers from engaging in age-related discrimination and of the fact that Mr. Bruno was, in fact, unemployed without the support of severance payments for a period of time, the Court determines that should Plaintiff succeed in proving Defendant liable, Mr. Bruno is eligible for back pay for the time from his alleged harm until the start of his employment with SPS, and that the accrual of back pay tolls on that date. E.g., Taddeo v. Ruggiero Farenga, Inc., 102 F. Supp. 2d 197 (S.D.N.Y. 2000).

BY THE COURT:

 /s/ L.F. Restrepo
L. Felipe Restrepo
United States Magistrate Judge